# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNY RUBIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | No. 03 CV 9370 |
| THE ISLAMIC REPUBLIC OF IRAN, et al., ) | Judge Blanche M. Manning |
| ) | |
| Defendants, ) | |
| v. ) | |
| ) | |
| THE UNIVERSITY OF CHICAGO, et al. ) | |
| ) | |
| Citation Third Party Respondents. ) | |

## MEMORANDUM AND ORDER

Citation respondents University of Chicago and Gil Stein have moved the court under Federal Rule of Civil Procedure 59(e) to alter or amend its June 26, 2006, order, in which it held that only Iran could assert Iran's sovereign immunity. For a variety of reasons as detailed below, the court denies the motion.

## BACKGROUND

This case involves Persian artifacts in the citation respondents' possession. The plaintiffs are seeking execution or attachment of the artifacts to satisfy a default judgment they obtained in the District Court of the District of Columbia against the artifacts' owner, the Islamic Republic of Iran. After filing the judgment here, the plaintiffs sought discovery about artifacts Iran had loaned the citation respondents over the years. The citation respondents resisted discovery, and in response the plaintiffs moved for partial summary judgment, arguing that only Iran (which had

not appeared) could assert that the artifacts were immune under the Foreign Sovereign Immunity Act. *See* Foreign Sovereign Immunity Act, 28 U.S.C. § 1602 *et seq.* ("FSIA").

Magistrate Judge Ashman prepared a thorough and thoughtful report and recommendation, in which he agreed that only Iran could assert immunity over its property under the FSIA. The citation respondents objected, but this court adopted the report and recommendation and, in an order dated June 26, 2006, granted partial summary judgment to the plaintiffs. Following entry of this court's order, the Islamic Republic of Iran filed an appearance, and apparently orally asserted immunity under the FSIA during a status hearing before Magistrate Judge Ashman.

In light of Iran's assertion of immunity, two of the citation respondents ask the court to alter or amend the June 26 order. In their Rule 59 motion, the citation respondents make the following arguments: (1) even though the June 26 order does not purport to be a judgment subject to Rule 59, it should be considered one because it denied a claim of sovereign immunity, a decision which is immediately appealable; (2) the June 26 order does not comply with Federal Rule of Civil Procedure 69 because it allows the plaintiffs to attach Iran's property, which violates the FSIA because Iran has now asserted immunity; (3) to the extent the June 26 order precludes the citation respondents from advancing arguments about immunity, the order is at odds with common law principles of agency because Iran has asserted immunity; and (4) the court should "stay the operation of its order" pending further proceedings to determine the effect of Iran's assertion of immunity.

## ANALYSIS

The arguments raised in the Rule 59 motion are premised on the citation respondents' fundamental misconception of the scope of the court's June 26 order, which determined merely that the citation respondents could not assert Iran's immunity. With that in mind, the court will address each argument in turn.

First, the order did not find that sovereign immunity was inapplicable. The citation respondents never asserted that they, or their property, were immune under the FSIA. Instead, in their motion for partial summary judgment, they argued only that, in Iran's absence, they were entitled to assert Iran's immunity. The cases the citation respondents cite in their Rule 59 motion are inapposite, as they all deal with sovereigns or heads of state who asserted immunity, rather than third-parties attempting to assert the immunity of some other party, which is what the citation respondents attempted to do.

Second, the June 26 order is not a writ of execution under Rule 69. As already discussed, the order held merely that the citation respondents could not assert Iran's immunity. It did not order the citation respondents to turn over the Persian artifacts, nor did it address whether the plaintiffs are even entitled to the artifacts. Because it is not a writ of execution, Rule 69 is inapplicable, and arguments that the order does not comply with Rule 69 miss the point.

Third, the June 26 order does not address one way or the other the citation respondents' rights now that Iran has asserted immunity. The order did not address the topic foremost because the parties did not raise it, and also because, at the time, Iran had not asserted immunity. Nothing in the order precludes the citation respondents from asserting whatever rights (if any) they may have gained by Iran's assertion of immunity.

Finally, the citation respondents ask the court to "stay the operation of its order." Again, the June 26 order merely concluded that the citation respondents could not assert Iran's immunity. Iran's subsequent assertion of immunity has no bearing on the citation respondent's ability to assert immunity in Iran's absence, which they remain unable to do.

**CONCLUSION**

Accordingly, for the stated reasons, the Rule 59 motion [166-1] is DENIED.

ENTER:

DATE: July 14, 2006

*Blanche M. Manning*
Blanche M. Manning
U.S. District Court Judge