IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JENNY RUBIN**, et al., | ) |
| Plaintiffs-Judgment Creditors, | ) ) ) |
| | ) Case No. 03 C 9370 |
| v. | ) |
| | ) Judge Blanche M. Manning |
| **THE ISLAMIC REPUBLIC OF IRAN**, et al., | ) ) Magistrate Judge |
| | ) Martin C. Ashman |
| Defendants-Judgment Debtors, | ) ) |
| v. | ) ) |
| **THE UNIVERSITY OF CHICAGO**, et al., | ) ) |
| Citation Third-Party Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

On July 30, 2008, Defendant, The Islamic Republic of Iran, filed a motion seeking relief from several of this Court's discovery orders. (Dkt. 391.) The present order deals with Iran's request for relief from this Court's oral ruling of July 15, 2008, ordering Iran to produce its copies of pleadings filed with the Iran-United States Claims Tribunal ("the Tribunal").

Iran argues that producing the documents would violate the Tribunal's rules of procedure and confidentiality. In support of its position, Iran has provided the Court with copies of correspondence with the Tribunal. (Dkt. 379-2.) This correspondence consists of a letter from Iran's representative requesting the Tribunal "to provide me with a copy of the following documents," and a response from the Tribunal stating that "we are unable to comply with your

request pursuant to Article 2.2 of the Tribunals [sic] Rules of Procedure." (*Id.*) Article 2.2, as it appears on the Tribunal's web site, states that

> All documents filed in a particular case shall be served upon all arbitrating parties in that case through the Agents. The Registrar shall promptly deliver copies to the offices of each of the two Agents in The Hague, except for a filing Agent. Each Agent shall be responsible for transmitting one copy to each concerned arbitrating party in his country or to the representative designated by each such arbitrating party to receive documents on its behalf.

(http://iusct.org/tribunal-rules.pdf, last visited August 5, 2008.)

Iran acknowledges that the letters themselves indicate only that the Tribunal is unwilling to furnish Iran with copies of its pleadings for production in this case. Iran also admits that Article 2.2, on its face, merely requires that documents filed with the Tribunal be given to certain specified individuals. Nonetheless, Iran argues that "by negative implication, or *inclusio unius* [est] *exclusio alterius*," Article 2.2 also prohibits production of filed documents to any third party not listed as a mandatory recipient of the documents. The Court finds that Iran's suggested interpretation is, charitably, a strained reading of a rule whose plain meaning is patently obvious. The rule requires that documents filed with the Tribunal be provided to certain parties and contains no hint of a restriction on production to other parties. Iran's reliance on the canon that "the inclusion of one thing implies the exclusion of the other" is misplaced: as applied to Article 2.2, it would mean merely that the specification of certain mandatory recipients of documents indicates that there are no other unenumerated parties who *must* receive them. It would not operate to limit the class of people or entities who *may* receive them.

Iran also directs the Court's attention to Article 32.5 of the Tribunal's rules, which provides that "[a]ll awards and other decisions shall be made available to the public," subject to

the proviso that one or more parties can request that the Tribunal publish a redacted version with identifying information or military secrets deleted. (http://iusct.org/tribunal-rules.pdf, last visited August 5, 2008.) Contrary to Iran's assertion, the rule does not say that "awards, but not filings, may be made available to the public." In fact, it says nothing about filings. This is unsurprising, as the title of Article 32 is "Form and Effect of Award," indicating that the Article deals with awards and not filings before the Tribunal. In light of the limited scope of Article 32's application, Iran's apparent "negative inference"-based argument is even less plausible here than it was with respect to Article 2.2, which at least references filings.

Finally, Iran argues that producing the documents would violate the norm of confidentiality that generally applies in international arbitrations, citing cases from several European tribunals in which parties have been fined for breaching the confidentiality of arbitration. The Court finds that any confidentiality concerns can be addressed adequately by an agreed protective order between the parties should the need arise.

For all of these reasons, Iran's motion (Dkt. 391) is denied to the extent that it seeks relief from the Court's ruling of July 15, 2008, ordering Iran to produce copies of documents in its possession that were filed before the Iran-United States Claim Tribunal.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: August 6, 2008.