# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9370 | **DATE** | August 2, 2012 |
| **CASE TITLE** | Rubin, et al vs. Islamic Republic, et al | | |

**DOCKET ENTRY TEXT**

The court is inclined to accept the discovery plan proposed by Iran, the University of Chicago, and the Field Museum of Natural History on August 5, 2011, with modifications as noted below. If any party has objections to the court's proposed discovery plan, they may be filed by August 10, 2012. The court will issue a follow-up order, finalizing the discovery plan, on or before August 17, 2012.

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

On March 29, 2011, the Seventh Circuit ruled, *inter alia*, that the plaintiff-judgment creditors ("creditors") in this matter and in the related matter, *Peterson v. The Islamic Republic of Iran*, No. 08 CV 1592, are not entitled to seek general discovery from Iran. *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783, 799 (7th Cir. 2011). In response to this appellate ruling, the assigned District Judge ordered the parties "to file a joint status report by June 30, 2011, detailing the proceedings before this court they believe are now necessary consistent with the Seventh Circuit's opinion." (R. 562.) After considering the views of the parties (R. 564, 565, 566), the assigned District Judge ordered the parties to complete discovery "in conformance to the parameters set out by the Seventh Circuit." (R. 571.) Thereafter, the parties filed a joint proposed scheduling order, as ordered by the assigned District Judge, on August 5, 2011. (R. 572.) This joint filing contains two competing discovery plans; one plan is proposed by Iran, the University of Chicago, and the Field Museum of Natural History (collectively, "respondents"), and the other plan is proposed by the creditors. (R. 572 at 2, 3.) The primary differences between the two plans are as follows: (1) Iran takes the position that it is not required to answer Discovery Requests 5 and 6 while the creditors propose that Iran answer them fully and completely; and (2) respondents propose to limit the discovery period to four months while the creditors prefer flexibility. The court finds that dispute (2) is logistical not warranting any detailed discussion. The court will do its best to help the parties complete discovery in this matter as quickly as possible.

As to dispute (1), based on the record and the oral arguments of the parties, the court finds that Iran has the better argument and should not be compelled to respond to Document Requests 5 and 6 as they are not relevant to the matters pending before the court. Document Request 5 seeks "documents . . . concerning the uses to which the Chogha Mish Collection has been put in the United States." (R. 222-20 at 5.) Document Request 6 seeks "documents . . . concerning the relationship between Iran and the persons in the United States to whom/which the Chogha Mish Collection was loaned." (Id.) The battle over the proper scope of discovery began six years ago on August 1, 2006, when the creditors in this matter served Iran with various discovery requests, including

**STATEMENT**

a Rule 34 request for certain documents. In response to these requests, Iran filed its first motion for protective order. (R. 182.) In addition to the motion for protective order, Iran filed a motion for summary judgment to bring closure to this proceeding by seeking to have the antiquities in question declared immune from attachment. (R. 185.) The creditors in this case then opposed Iran's efforts and also moved to compel Iran to respond to the various requests they served in August 2006. (R. 222.) On April 17, 2007, then presiding Magistrate Judge, the Honorable Martin C. Ashman, granted the relief the creditors sought and denied Iran's requests. (R. 270.)

The parties had a different take on the scope of discovery granted to the creditors by Judge Ashman in his April 2007 ruling. (R. 288.) In order to resolve this difference, Iran moved for clarification of Judge Ashman's April 2007 ruling. (R. 287.) In January 2008, Judge Ashman denied the relief Iran sought in its motion and explained that the creditors in this case were in fact entitled to both Rule 56(f) discovery as well as general discovery under Rule 69(a). (R. 313.) In doing so, Judge Ashman acknowledged the creditors' admission and agreement that the discovery sought in their Document Requests 5 and 6 is "irrelevant." (Id. at 15.) As a result of this agreement and withdrawing of Document Requests 5 and 6, Judge Ashman did not rule on whether he agreed with Iran that the discovery the creditors sought was relevant. However, Judge Ashman's analysis pertaining to "Deposition Topic 2(a) and Document Request 4" demonstrates that he would have granted relief to Iran as to Document Requests 5 and 6 had the creditors not admit to their non-relevance and not withdraw them. Therefore, the court finds that Document Requests 5 and 6 cannot be part of the discovery ordered by the assigned District Judge. This the right thing to do under the circumstances of this particular case.

At the hearing on July 18, 2012, the creditors argued that they should be permitted to investigate whether the Chogha Mish Collection may be attached under the Foreign Sovereign Immunities Act because other judgment creditors will surely inquire into this issue in future cases and because the legal regime governing post-judgment remedies against terrorist states is constantly evolving. The creditors made a similar argument in their report to the assigned District Judge on June 30, 2011. More specifically, the creditors argued that the passage of the National Defense Authorization Act ("NDAA") changed the landscape in the world of post-judgment remedies against terrorist states, and therefore, the creditors pushed for delaying discovery and instead asked to litigate the applicability of NDAA to the matters pending before the court. (R. 565 at 3-4.) But as pointed out by the creditors in the June 30, 2011 report, this legal change did not impact the application of the Terrorism Risk Insurance Act. (Id. at 6.) What is clear to the court is that the change in the legal regime does not amount to good cause for the creditors to change their direction at this late stage in discovery, especially because Iran had disputed the relevance of these requests and they were robbed of their opportunity to have gotten a favorable ruling back in January 2008. As to the argument that there cannot be any harm or prejudice to Iran because others judgment creditors will surely ask for the information in dispute, the court is not concerned with what unknown others may do or not do.

Accordingly, the court is inclined to issue the following discovery plan in this matter and 08 CV 1592:

1. Iran shall produce to Plaintiffs, within 30 days of this order, all documents sought in Plaintiffs' First Request for Production of Documents to Defendant the Islamic Republic of Iran that have not yet been produced, including without limitation the following: (a) all responsive documents that have been created or have come into Iran's possession, custody, or control subsequent to its prior production; and (b) the documents from the US-Iran Claims Tribunal, as previously ordered on July 26, 2007 (R. 281). This requirement does not apply to Document Requests 5, 6, 8, 9, or 10. If no further production is required, Iran must state affirmatively that its search did not reveal any further responsive documents.

2. Within 20 days after Iran has complied with Paragraph 1 of this order, any party may serve any other party with

**STATEMENT**

requests for production of documents and interrogatories regarding the immunity issue. Parties are not authorized to serve written discovery requests after this 20-day deadline.

3. If a discovery request is timely served in accordance with Paragraph 2 of this order, the party served with the written discovery request must respond within 30 days.

4. Plaintiffs may at any time notice the depositions of the University of Chicago, the Field Museum, and Iran regarding the immunity issue. Any deposition of Iran's witnesses must take place in The Hague, provided that Iran pays Plaintiffs' resulting expenses, as provided in the September 9, 2009 order ®. 421). Plaintiffs must complete all depositions within 180 days of this order.

5. Once oral discovery is complete, the court will close discovery in this matter and return the case to the assigned District Judge unless a party files a motion for supplemental discovery. If the movant shows good cause, the court may authorize additional discovery for a short period of time.

It is the plan of the court to hold regular status hearings in order to monitor this case closely.