```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ILLINOIS
            EASTERN DIVISION
```

| | | |
|---|---|---|
| JENNY RUBIN, DEBORAH RUBIN, | ) | |
| DANIEL MILLER, ABRAHAM | ) | |
| MENDELSON, STUART E HERSCH, | ) | |
| RENAY FRYM, NOAM ROZENMAN, | ) | |
| ELENA ROZENMAN, TZVI ROSENMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 03 C 9370 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THE ISLAMIC REPUBLIC OF IRAN, | ) | |
| | ) | |
| | ) | |
| Defendant/Citation Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs/judgment-creditors Jenny Rubin, Deborah Rubin, Stuart Hersch, Renay Frym, Noam Rozenman, Elena Rozenman, Tzvi Rozenman, Daniel Miller, and Abraham Mendelson ("plaintiffs") served defendant/judgment- debtor The Islamic Republic of Iran ("defendant") with a citation to discover assets ("citation") pursuant to Fed. R. Civ. P. 69 on October 26, 2015. Plaintiffs moved to extend the citation and defendant moved to quash the citation, arguing that the citation is procedurally and substantively improper. On February 16, 2016, this court granted plaintiffs' motion to extend the citation until 10 days after ruling on defendant's motion to quash. For the reasons stated below, defendant's motion to quash citation is granted.

# BACKGROUND[1]

Plaintiffs are American citizens who were either wounded or suffered severe emotional and loss-of-companionship injuries as a result of a September 4, 1997, triple suicide bombing in Jerusalem. Plaintiffs sued defendant in the United States District Court for the District of Columbia, alleging that defendant was responsible for the bombings as a result of the training and support it provided to Hamas terrorists. On September 10, 2003, plaintiffs obtained a $71.5 million default judgment against defendant pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq.

Plaintiffs registered their judgment in this court on December 29, 2003. Thereafter, plaintiffs issued citations to discover assets to third party respondents the University of Chicago's Oriental Institute and the Field Museum of Natural History pursuant to Fed. R. Civ. P. 69(a) and 735 ILCS 5/2-1402. Plaintiffs' citations attempted to attach and execute against three collections of artifacts in possession of the third party respondents that plaintiffs alleged were owned by defendant. The third party respondents objected to plaintiffs' enforcement efforts, arguing that the artifacts were immune from attachment pursuant to § 1609 of the FSIA. Plaintiffs moved for partial summary judgment, asking the court to hold that § 1609 immunity is an affirmative defense that only the foreign state seeking its protection can assert. In a June 22, 2006, memorandum opinion and order, Judge Manning, to whom this case was previously assigned, overruled the third party respondents' objections, holding that § 1609 attachment immunity is an affirmative defense that may only be asserted by the foreign state itself. Rubin v. Islamic Republic of Iran, 436 F. Supp. 2d 938 (N.D. Ill. 2006).

---

[1] The majority of the following facts are taken from the Seventh Circuit opinion in Rubin v. The Islamic Republic of Iran, 637 F.3d 783, 786-89 (7th Cir. 2011).

Defendant appeared by counsel on July 10, 2006. Following defendant's appearance, plaintiffs served defendant, through its counsel, with a request for production of documents pursuant to Fed. R. Civ. P. 34 and a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6). The discovery requests sought information regarding the artifacts in the third party respondents' possession and defendant's United States assets in general. The Rule 30(b)(6) notice sought to depose an officer or agent designated by defendant to testify on its behalf regarding its assets in the United States.

Defendant sought a protective order shielding it from plaintiffs' discovery requests and also moved for summary judgment, seeking a declaration that the artifacts held by the third party respondents were immune from execution and attachment pursuant to the FSIA. Before responding to defendant's motion for summary judgment, plaintiffs moved the court to allow for discovery pursuant to Fed. R. Civ. P. 56(f). Plaintiffs also moved to compel defendant to comply with the earlier Rule 34 document requests and Rule 30(b)(6) deposition notice. The magistrate judge granted plaintiffs' Rule 56(f) motion for discovery and plaintiffs' motion to compel, but only "[i]nasmuch as the discovery was necessary for the plaintiffs to respond to Iran's request for partial summary judgment." Rubin, 637 F.3d at 788 (internal quotations omitted). Defendant objected, but was overruled by Judge Manning.

The parties disputed whether defendant was required to provide general–asset discovery based on these rulings. Defendant sought clarification, or in the alternative, a protective order. The magistrate judge denied defendant's motion for a protective order and "explicitly ordered general–asset discovery to proceed." Id. at 789. Judge Manning affirmed, stating that plaintiff was "not seeking general discovery about every conceivable asset of Iran's in the United States." Rubin v. Islamic Republic of Iran, No. 03 CV 9370, 2008 WL 2501996, at *5 (N.D. Ill. May 23,

2008).  In a motion to reconsider, plaintiffs noted that they were in fact seeking general asset discovery.  In a one-page order, Judge Manning acknowledged the oversight and ordered defendant to submit to plaintiffs' requests for general asset discovery.  Rubin v. Islamic Republic of Iran, No. 03 CV 9370, 2008 WL 2502039 (N.D. Ill. June 23, 2008).

Defendant sought immediate review from the Seventh Circuit of the order compelling it to submit to plaintiffs' requests for general-asset discovery, pursuant to the collateral order doctrine.  Defendant also sought review of Judge Manning's earlier order declaring that § 1609 immunity can be asserted only by the foreign state itself.  The Seventh Circuit reversed both orders, reasoning that the "orders [were] incompatible with the text, structure, and history of the FSIA."  Rubin, 637 F.3d at 794.  The Seventh Circuit concluded that the FSIA controls and limits the discovery process, because the FSIA provides foreign state property a presumption of immunity which a plaintiff must overcome by identifying particular property that is within a statutory exception.  Id. at 796.  The Seventh Circuit also held that "[t]he immunity inheres in the property itself, and the court must address it regardless of whether the foreign state appears and asserts it."  Id. at 799.

On March 27, 2014, this court entered summary judgment for defendant, holding that the artifacts held by the third party respondents could not be attached or executed against using the FSIA or the Terrorism Risk Insurance Act ("TRIA").  Rubin v. Islamic Republic of Iran, 33 F. Supp. 3d 1003, 1017 (N.D. Ill. 2014).  This court's entry of summary judgment was affirmed by the Seventh Circuit.  Rubin v. Islamic Republic of Iran, No. 14-1935, 2016 WL 3903409 (7th Cir. July 19, 2016).

On October 26, 2015, plaintiffs issued a citation to discover assets to defendant, seeking information of defendant's worldwide assets.  Plaintiffs served defendant's counsel of record,

with the citation to discover assets and a combined notice of deposition and request for production of documents pursuant to Fed. R. Civ. P 30 and 34.

## **DISCUSSION**

Defendant argues that the citation should be quashed for numerous reasons. First, defendant argues that the citation is improper because the case is closed. Second, defendant argues that the citation should be quashed because plaintiffs did not seek leave of court prior to filing a new citation. Third, defendant argues that the citation should be quashed because serving defendant's counsel was insufficient pursuant to the FSIA. Fourth, defendant argues that the mandate rule and waiver bar plaintiffs from seeking general-asset discovery.

**I.     The Judgment Proceeding is Not Closed.**

According to defendant, plaintiffs "cannot seek new discovery with a new citation in this case" because the "case is closed." Defendant argues that once this court entered judgment on the first citation, holding that the artifacts targeted by plaintiffs' first citation were immune from attachment, the case was terminated. Once closed, defendant argues that plaintiffs can take no more action in the case, including filing a new citation. Defendant further argues that plaintiffs' appeal of this court's final judgment on the first citation strips the court of jurisdiction in this case. The court disagrees.

There are two methods to enforce a judgment in a district court other than the district court that entered the judgment. United States v. Febre, No. 91-2716, 1992 WL 288321, at *1-2 (7th Cir. Oct. 15, 1992). A judgment creditor may bring a separate action on the judgment known as a "judgment on a judgment," or pursuant to 28 U.S.C. § 1963, a judgment creditor may register a judgment in another district court by filing a certified copy of such judgment in that district. Id. "A judgment so registered shall have the same effect as a judgment of the district

court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. In either case, the registration proceedings are separate and distinct from the enforcement of the judgment. Febre, 1992 WL 288321 at *3.

A money judgment is enforced by writ of execution pursuant to Fed. R. Civ. P. 69 (a)(1), which provides that "[t]he procedure or execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Illinois citation procedures are governed by 735 ILCS 5/2-1402(a), which provides that "[a] judgment creditor . . . is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment . . . ." After plaintiffs registered their judgment in this court, it became subject to enforcement in this court as it was in the D.C. district court. 28 U.S.C. § 1963. Plaintiffs, pursuant to Illinois law, are authorized to commence a supplementary proceeding "at any time" with respect to their unsatisfied judgment. Ill. S. Ct. R. 277(a). They are entitled to commence more than one supplementary proceeding at the same time or consecutively, and the end of one proceeding does not effect another supplementary proceeding. Ill. S. Ct. R. 277(g).

Accordingly, the termination of the first citation does not end all judgment enforcement proceedings. Resolution Tr. Corp. v. Ruggiero, 994 F.2d 1221, 1224 (7th Cir. 1993) (explaining that "a proceeding to execute or otherwise enforce a judgment . . . . ends when the defendant's assets are seized and sold to pay the judgment – when in short the judgment is finally executed"). Defendant's theory that the case is closed would require plaintiffs to restart enforcement efforts or end judgment enforcement without satisfaction. This result is in direct conflict with the plain language of Illinois Supreme Court Rule 277, which specifically anticipates multiple

supplementary proceedings in the enforcement of a single judgment. Ill. S. Ct. R. 277(g). In effect, what defendant suggests is that plaintiffs had one opportunity only to discover assets. This conclusion is incorrect in light of Rule 277, which contemplates "consecutive and concurrent" supplementary proceedings and leave of court to commence a supplementary proceeding against a party that has previously been subject to such a proceeding. The only proceedings that have terminated, and are "closed," are the citations issued to the third party respondents with respect to the artifacts plaintiffs sought to attach. The docket notation (doc. 669) "Civil case terminated" referred only to those citations. The termination of those citations do not effect plaintiffs' ability to issue a new citation. Ill. S. Ct. R. 277(g).

Likewise, an appeal of the dismissal of an earlier citation does not effect a new citation. The court entered final judgment with respect to plaintiffs' original citation only, and plaintiffs appealed only that order. The fact that plaintiffs' appeal concerning the original citation was pending before the Seventh Circuit did not affect their ability to issue a new citation. The court maintains jurisdiction over all supplementary proceedings that are a part of the enforcement of the judgment, other than the single citation that was pending before the Seventh Circuit. See U.S.I. Properties Corp. v. M.D. Const. Co., 230 F.3d 489, 496 (1st Cir. 2000).

Defendant has cited several cases to support its argument that this is a closed case, none of which address the issue currently before the court. Defendant's cited cases speak to the ability to appeal orders that end a single citation proceeding, and not to the termination of the enforcement of a judgment. Ruggiero, 994 F.2d at 1224 ("[O]rders in [a supplementary proceeding] are appealable or not to the same extent as in a regular lawsuit . . . ."); Cent. States, Se. & Sw. Areas Pension Fund v. Express Freight Lines, Inc., 971 F.2d 5, 6 (7th Cir. 1992) ("A contested collection proceeding will end in a judgment or a series of judgments," but only the

judgment that concludes the collection proceeding may be appealed.). Defendant confuses the ability to appeal a final order with the final termination of judgment enforcement. Appellate courts are able to review orders in supplementary proceedings individually while the remainder of the enforcement continues. Ruggiero, 994 F.2d at 1224. This case is open, and the court has jurisdiction so long as there are pending supplementary proceedings to execute the judgment. Plaintiffs' current citation is a new supplementary proceeding in their enforcement of the judgment.

## II. The Citation was Not Properly Served.

Although plaintiffs concede that Illinois law requires personal service for a citation to discover assets, they argue that the court should apply an equitable exception to personal service because there was actual notice. Plaintiffs argue that an equitable exception to personal service is warranted because defendant has avoided efforts to execute the judgment. The court disagrees.

Plaintiffs do not claim that they have attempted service using any of the methods prescribed by § 1608(a) of the FSIA, nor that they executed personal service pursuant to Illinois law. Whether the defendant has avoided enforcement efforts does not change the requirement of proper service. See Murphy v. Islamic Republic of Iran, 778 F. Supp. 2d 70 (D.C. Cir. 2011) (acknowledging the difficult, but mandatory requirement of serving documents through diplomatic channels). Plaintiffs' argument that defendant was properly served via its counsel because it provided actual notice is incorrect. United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008) ("[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit.") ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process."); see also Audio Enter.,

Inc. v. B & W Loudspeakers of Am., a Div. of Equity Int'l Inc., 957 F.2d 406, 408 n.2 (7th Cir. 1992) ("[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over defendant in the absence of valid service of process." (internal quotations omitted)).

Even if the court accepted plaintiffs' argument for an equitable exception to personal service pursuant to Illinois law, service would still be quashed. The equitable exception to personal service, or alternative service pursuant to 735 ILCS 5/2-203.1, requires plaintiffs to move the court to order a comparable method of service. Plaintiffs are not allowed to devise their own method of service without leave of the court. Plaintiffs are required to show that formal service is impractical by a motion that is accompanied with an affidavit stating the extent to which plaintiffs attempted to serve defendant and the reasons why service is impractical. 735 ILCS 5/2-203.1. For this reason, service on defendant's counsel is quashed.[2]

## CONCLUSION

For the foregoing reasons, defendant's motion (doc. 717) to quash citation is granted and service is quashed.

**ENTER:** **July 21, 2016**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[2] In addition, service via defendant's attorney is not an acceptable alternative. Because the citations are separate and distinct, plaintiffs cannot serve counsel for the first citation with notice of the second citation. See Schultz v. Schultz, 436 F.2d 635 (7th Cir. 1971) (explaining that an attorney who represents a client in a previous matter may not be given the power to accept service in a new matter without evidence that the attorney was hired for that purpose and currently represents the party).